IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-2604-GPG

ROBERT PERRETEN, No. 13-7325,

       Plaintiff,

v.

RON WAITE, Nurse, Practitioner;
CORRECT CARE SOLUTIONS;
TAMMERA HERIVEL, Clerk of Araphoe County Courts;
MARK WINSLOW, Medical Doctor; and
DAVID JONES, Medical Doctor

       Defendants.

---

## ORDER TO DISMISS IN PART AND TO DRAW CASE

---

Plaintiff, Robert Perreten, is detained at the Arapahoe County Detention Facility in Centennial, Colorado.  Mr. Perreten initiated this action by filing a Prisoner Complaint alleging a deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983.

On December 1, 2015, Magistrate Judge Gordon P. Gallagher reviewed the Prisoner Complaint and determined that it suffered from several legal deficiencies. Magistrate Judge Gallagher ordered Mr. Perreten to file an amended complaint to cure the noted deficiencies within 30 days.  (ECF No. 7).  Plaintiff did not file an Amended Complaint by the court-ordered deadline.  Notwithstanding, the Court will review the allegations of the original Complaint to determine if Plaintiff has stated an arguable claim for relief under § 1983 against any of the Defendants.

Mr. Perreten has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Pursuant to § 1915(e)(2)(B)(I), the Court must dismiss the action if

Plaintiff's claims are frivolous or malicious.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  Subsection (e)(2)(B)(iii) of § 1915 requires a court to dismiss at any time an action that seeks monetary relief against a defendant who is immune from such relief.

The court must construe the complaint liberally because Mr. Perreten is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, this action will be dismissed, in part, and the remainder drawn to a presiding judge.

## I.  The Complaint

Mr. Perreten alleges in the Prisoner Complaint that Defendants Ron Waite, a nurse practitioner, and Dr. Mark Winslow, "had [him] on the wrong medication for [his] pain," for 23 months.  (ECF No. 1 at 4).  Plaintiff alleges that he suffers from chronic muscle and bone pain, but was placed on Neurontin, which treats seizures and nerve pain.  He further alleges that Defendant Dr. David Jones removed him from the Neurontin  without a "withdrawal process," contrary to the manufacturer's published guidelines for use of the drug, which caused Plaintiff to suffer dizziness, tiredness, blurred and double vision, skin rash, chest pain and stomach pain.  (*Id.* at 5).  Mr. Perreten alleges that he continues to suffer from chronic pain, that Defendants Waite, Winslow and Jones have refused to prescribe him any other medication or treatment to relieve the pain and have ignored or denied Plaintiff's requests to see an outside

physician for evaluation of his condition.  Mr. Perreten asserts that the Defendants have violated his Eighth and Fourteenth Amendment rights.  He requests injunctive and monetary relief.

## II.  Analysis

### A.  Defendant Herivel

The Complaint is deficient because Mr. Perreten fails to allege specific facts to show that Defendant Herivel, who he identifies as a "clerk representative of Arapahoe County Courts" (ECF No. 1 at 3), was personally involved in the alleged denial of adequate medical care.  Plaintiff was warned in the December 1, 2015 Order that personal participation is an essential element of a § 1983 claim.  *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential").  Because the Prisoner Complaint fails to state an arguable claim for relief against Defendant Herivel, she will be dismissed as an improper part to this action.

### B.  Correct Care Solutions and Arapahoe County

Mr. Perreten asserts that Defendant Correct Care Solutions and Arapahoe County[1] are liable for the alleged unconstitutional denial of adequate medical care because they are responsible for his medical needs while he is incarcerated at the Arapahoe County Detention Facility.

---

[1] Although Arapahoe County is not named as a Defendant in the caption, he asserts a claim against the County in the body of the Complaint.  Further, to the extent Mr. Perreten sues the individual Defendants in their official capacities, the claims are construed as asserted against Arapahoe County. *See Hafer v. Melo*, `Error! Main Document Only.`502 U.S. 21, 25 (1991) (stating that claims asserted against government officials in their official capacities are construed against the governmental entity).

Magistrate Judge Gallagher warned Plaintiff in the December 1, 2015 Order that to hold Defendant Correct Care Solutions and/or Arapahoe County liable under 42 U.S.C. § 1983, he must allege facts to show that an official policy or custom caused the alleged constitutional deprivation.  *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (holding that traditional municipal liability principles apply to claims brought pursuant to 42 U.S.C. § 1983 against private corporations); *Rhodes v. Physician Health Partners (PHP)*, 2010 WL 728213 at *5 (D. Colo. Feb. 24, 2010) (stating "[t]he established principles of municipal liability have been found to apply to § 1983 claims brought against private corporations" providing medical care to inmates).  Neither Correct Care Solutions nor Arapahoe County can be held liable under § 1983 solely because their employees inflict injury on a plaintiff.  *Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658, 694 (1978) (recognizing that plaintiff cannot state a claim for relief merely by pointing to isolated incidents).

Because the original Complaint fails to allege facts to show that an official policy or custom of Correct Care Solutions or Arapahoe County was the moving force behind the alleged unconstitutional denied of adequate medical care, the claims against Defendants Correct Care Solutions and Arapahoe County will be dismissed.

After review pursuant to D.C.COLO.LCivR 8.1(b), and upon further consideration, the Court has determined that Mr. Perreten allegations against Defendants Waite, Winslow, and Jones sufficiently comply with the requirements of Fed. R. Civ. P. 8 and that Plaintiff has stated an arguable claim for relief against those Defendants under

§ 1983.  Therefore, the constitutional claims against Defendants Waite, Winslow and

Jones shall be drawn to a presiding judge, and, if appropriate, to a magistrate judge.

*See* D.C.COLO.LCivR 8.1(c).  Accordingly, it is

ORDERED that Defendants Correct Care Solutions, Tammera Herivel, and

Arapahoe County, are DISMISSED from this action.  It is

FURTHER ORDERED that Plaintiff's claims against Defendants Waite, Winslow

and Jones shall be drawn to a presiding judge and, if appropriate, to a magistrate judge,

pursuant to D.C.COLO.LCivR 40.1(a).

DATED February 18, 2016, at Denver, Colorado.

BY THE COURT:


s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court