IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02604-MEH

ROBERT PERRETEN,

    Plaintiff,

v.

RON WAITE, N.P.,
MARK WINSLOW, M.D., and
DAVID JONES, M.D.,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's "Motion," which has been construed as a Motion Seeking Relief from a Final Judgment or Order pursuant to Fed. R. Civ. P. 60(b) [filed January 10, 2017; ECF No. 64]. For the following reasons, the Court denies the motion.

Plaintiff initiated this action on November 27, 2015, stating three claims against six Defendants and invoking the Eighth and Fourteenth Amendments. ECF No. 1 at 5-22. After Plaintiff failed to file an amended complaint as instructed during initial review, Senior District Judge Babcock dismissed three defendants, but allowed the Eighth Amendment claims against Defendants Waite, Winslow, and Jones to proceed. ECF No. 12. The parties consented to this Court's jurisdiction to hear all matters in the case on May 26, 2016. ECF No. 45. The Defendants, then, filed motions to dismiss the Plaintiff's Complaint (ECF Nos. 28, 47) and, on August 3, 2016, the Court granted these motions. ECF No. 57. More than five months later, the Plaintiff filed the present motion.

In this case, the Court must construe the Plaintiff's motion for relief liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment should be considered pursuant to Rule 60(b). *Id.*

In *Gonzalez v. Crosby,* 545 U.S. 524 (2005), the Supreme Court held that Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Id.* at 528. Under Rule 60(c), such a motion "must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Moreover, under Rule 60(b)(6), a movant must show "extraordinary circumstances." *Gonzalez,* 545 U.S. at 535.

Here, the Plaintiff does not specify which "reason" by which he brings his motion under Rule 60(b).[1] The Court finds that reasons (1)-(5) do not apply; therefore, it will analyze Plaintiff's motion

---

[1] Rule 60(b) provides: On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

as seeking relief from judgment under Rule 60(b)(6).

The rule does not permit a party to reargue issues by rehashing facts and arguments already addressed or available, yet neglected, in the original proceeding. *See Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Courts rarely grant Rule 60(b) motions, deferring instead to the need for finality and the appeals process. *See Davis v. Kan. Dep't of Corrs.,* 507 F.3d 1246, 1248 (10th Cir. 2007) ("Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal.") (quoting *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 954 (10th Cir. 2004)).

Here, the Court finds Plaintiff's motion is merely a "re-hash" of the issues and arguments raised in his briefing on the motion to dismiss. Specifically, Plaintiff contends he is "not a diabetic" and, thus, the Court's "ruling" that he "is diabetic" is incorrect. Mot. 1-2.

First, the Court never "ruled" nor "determined" Plaintiff to be diabetic. Plaintiff argued in his written response to the motion to dismiss that he was not being treated for diabetes and, thus, a prescription of "Neurontin" was improper. Resp. 1-5, ECF No. 55. Consequently, in analyzing the subjective component of Plaintiff's Eighth Amendment claim, the Court noted what it found in the Complaint and documents attached to it:

> According to Plaintiff's own Complaint, Neurontin is used to help control seizures, diabetic peripheral neuropathy, and nerve pain. See docket #1-1 at 1-6. The

---

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

> allegations reflect Neurontin was prescribed on August 29, 2013. *Id.* at 35. Despite Plaintiff's assertion that he "was not being treated for seizures, nor diabet[]es," he stated numerous times in his Complaint that he suffers from diabetes. *See* docket #1 at 6, 8-12; see also docket #1-1 at 42 (Plaintiff reported on June 6, 2013 that he had diabetes and a heart condition). Additionally, documents attached to the Complaint show Defendant Waits counseled Plaintiff that he was being prescribed Neurontin for neuropathic pain to treat his chronic pain, which Plaintiff took for 23 months. *See, e.g.*, docket #1-1 at 40. Another record shows Plaintiff was prescribed insulin in June 2013, apparently to treat diabetes, but he refused it. *Id.* at 22. The document Plaintiff points to as "evidence" supporting his allegation that the Defendants were not treating his diabetes is an "intake form" dated September 20, 2012, in which Plaintiff apparently reported to the intake nurse, Sonya Hankins RN, that he did not have diabetes. *Id.* at 7. This form is insufficient to overcome other information contained in the operative pleading and to demonstrate Plaintiff's claim is plausible.

Order 11. Thus, the Court did not find or determine that Plaintiff was "diabetic," but rather simply analyzed the Complaint and its attached documents to conclude that Plaintiff's "allegations reflect nothing more than a disagreement with the medical professionals over the type of medical services received." *Id.* at 11-12.

Because Plaintiff fails to demonstrate a reason that justifies relief from this Court's order granting the motions to dismiss, the Court **denies** Plaintiff's Motion Seeking Relief from a Final Judgment or Order pursuant to Fed. R. Civ. P. 60(b) [filed January 10, 2017; ECF No. 64].

Dated at Denver, Colorado, this 23rd day of January, 2017.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge